Christopher N. Coyle, OSB #073501
Daniel C. Bonham, OSB #183104
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

   Of Attorneys for Defendant Eagle Holdings LLC

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>15005 NW CORNELL LLC, and VAHAN M DINIHANIAN, JR.<br><br>        Debtors. | Case No. 19-31883-dwh11 (Lead Case)<br><br>Case No. 19-31886-dwh11<br><br>Jointly Administered under Case No. 19-31883-dwh11 |
| TASHA TEHERANI-AMI, IN HER CAPACITY AS THE TRUSTEE OF THE SONJA DINIHANIAN GST TRUST DTS 01/01/11,<br><br>        Plaintiff,<br><br>        v.<br><br>VAHAN M DINIHANIAN, JR., 15005 NW CORNELL LLC, and EAGLE HOLDINGS LLC,<br><br>        Defendants. | Adv. Proc. No. 20-03077<br><br>EAGLE HOLDINGS LLC'S ANSWER AND AFFIRMATIVE DEFENSES |

Page 1 of 9   EAGLE HOLDINGS LLC'S ANSWER AND AFFIRMATIVE DEFENSES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03077-dwh    Doc 17    Filed 10/16/20

## LBR 7008-1 STATEMENT

Defendant Eagle Holdings LLC consents to the judge's entry of a final judgment on all claims presented herein.

## ANSWER

Eagle Holdings LLC ("Eagle Holdings" or "Defendant"), by its attorneys, Vanden Bos & Chapman, LLP, for its answer to the Complaint for Declaratory Judgment regarding interest in certain property; in the alternative, substantive consolidation; in the alternative, declaratory judgment regarding ability of debtors to assume certain contracts; rejection of agreements ("Complaint") initiating this proceeding ("Proceeding"), filed by Tasha Teherani-Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 01/01/11 ("Trust" or "Plaintiff"), answers as follows:

## SUMMARY OF RELIEF SOUGHT

1. Defendant admits that Plaintiff seeks a declaratory judgment regarding its membership ownership of Defendant 15005 NW Cornell LLC (hereinafter "15005 LLC"). Defendant denies the remaining allegations in Paragraph 1 of the Complaint, including that those claims have merit.

2. Defendant admits that Plaintiff seeks a declaratory judgment regarding the substantive consolidation of several entities, including Defendant. Defendant denies the remaining allegations in Paragraph 2 of the Complaint, including that those claims have merit.

3. Defendant admits that Plaintiff seeks a declaratory judgment that certain agreements constitute executory contracts that cannot be assumed absent Plaintiff's

Page 2 of 9    EAGLE HOLDINGS LLC'S ANSWER AND AFFIRMATIVE DEFENSES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03077-dwh    Doc 17    Filed 10/16/20

consent. Defendant denies the remaining allegations in Paragraph 3 of the Complaint, including that those claims have merit.

4. Defendant admits that Plaintiff seeks a declaratory judgment regarding whether Defendant may take steps in this Court or another court to dissolve and wind up Defendant. Defendant denies the remaining allegations in Paragraph 4 of the Complaint, including that those claims have merit.

## JURISDICTION

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff consents to this Court's entry of a final order and judgment to resolve the disputes contained in the Complaint.

## THE PARTIES

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

## FACTS

13. Defendant admits that the terms of the General Judgment were reached in 2016 by the stipulation of Defendant Vahan M. Dinihanian Jr. (hereinafter "Dinihanian") and Tasha Teherani-Ami, in her personal capacity ("Teherani-Ami"), in Multnomah County

Page 3 of 9     EAGLE HOLDINGS LLC'S ANSWER AND AFFIRMATIVE DEFENSES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03077-dwh    Doc 17    Filed 10/16/20

Circuit Court Case No. 1208-68730. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits that the General Judgment is a final judgment of the Circuit Court of the State of Oregon and that it may be enforced only in a manner consistent with the U.S. Bankruptcy Code, Rules and applicable case authority. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Answering Paragraph 15, Defendant admits that the General Judgment may be considered a contract between Dinihanian and Teherani-Ami. Defendant denies the remaining allegations in Paragraph 15 of the Complaint, including any implication that the Trust or 15005 LLC were parties to such a contract.

16. The allegations of Paragraph 16 are legal conclusions for which no response is required, and therefore such allegations are deemed to be denied.

17. Answering Paragraph 17, Defendant lacks sufficient information to admit or deny the allegations pertaining to the control of Dinihanian's sister over non-debtor tenant-in-common owners of the Farm. Defendant admits remaining allegations set forth in Paragraph 17 of the Complaint.

18. Defendant admits that the General Judgment exists, and the document speaks for itself. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant admits that before and after the General Judgment was entered in 2016, the ownership of 15005 LLC has been divided equally between Defendant and Plaintiff. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

Page 4 of 9   EAGLE HOLDINGS LLC'S ANSWER AND AFFIRMATIVE DEFENSES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03077-dwh    Doc 17    Filed 10/16/20

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant admits that the General Judgment exists, and the document speaks for itself. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant admits that Ms. Teherani-Ami, in her capacity as the trustee of Plaintiff, had authority to exercise the rights of a fifty-percent member of 15005 LLC, whatever those rights may have been under the operating agreement, applicable law and subject to applicable conflict of interest limitations. Defendant denies the remaining allegations set forth in Paragraph 26 of the Complaint.

27. Answering Paragraph 27, Defendant admits that Dinihanian and Teherani-Ami stipulated to the General Judgment. Defendant denies the remaining allegations set forth in Paragraph 27 of the Complaint.

28. Defendant lacks sufficient information to admit or deny allegations pertaining to Ms. Teherani-Ami's reliance on the General Judgment. Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Answering Paragraph 32 of the Complaint, Defendant admits that Dinihanian stipulated to the General Judgment. Defendant neither admits nor denies the allegations regarding the contents of the General Judgment, as the document speaks for itself. Defendant denies the remaining allegations set forth in Paragraph 32 of the Complaint.

Page 5 of 9    EAGLE HOLDINGS LLC'S ANSWER AND AFFIRMATIVE DEFENSES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03077-dwh    Doc 17    Filed 10/16/20

33. Answering Paragraph 33 of the Complaint, Defendant admits that Dinihanian partially performed the agreement he made by entering into the stipulated judgment. Defendant admits that Dinihanian caused 15005 LLC to offer to the other owners of the Farm the undivided 1/4 interest in the Farm. Defendant further admits that the offers were not accepted. Defendant denies the remaining allegations set forth in Paragraph 33 of the Complaint.

34. Defendant admits the allegations set forth in Paragraph 34 of the Complaint.

35. Answering Paragraph 35 of the Complaint, Defendant admits that Dinihanian caused 15005 LLC to file a partition suit in Washington County Circuit Court. Defendant further admits that, in such litigation, the Hon. Danielle S. Hunsaker issued an opinion letter, which speaks for itself. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Defendant admits that the Trust has, through counsel, made demand for issuance of the deed.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant admits the allegations in Paragraph 39 of the Complaint.

## THE EXECUTORY CONTRACTS

40. Defendant admits that there is an operating agreement dated December 30, 2010, as amended. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant admits the allegations in Paragraph 42 of the Complaint.

Page 6 of 9   EAGLE HOLDINGS LLC'S ANSWER AND AFFIRMATIVE DEFENSES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03077-dwh    Doc 17    Filed 10/16/20

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

## FIRST CLAIM FOR RELIEF

44. Defendant admits and denies the allegations incorporated into Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

## SECOND CLAIM FOR RELIEF

47. Defendant admits and denies the allegations incorporated into Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

## THIRD CLAIM FOR RELIEF

51. Defendant admits and denies the allegations incorporated into Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

## FOURTH CLAIM FOR RELIEF

55. Defendant admits and denies the allegations incorporated into Paragraph 55 of the Complaint.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

## FIFTH CLAIM FOR RELIEF

59. Defendant admits and denies the allegations incorporated into Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

## GENERAL DENIAL

To the extent any allegation has not been expressly admitted, explained, qualified, or denied, Defendant denies the remaining allegations in the Complaint.

## AFFIRMATIVE AND SEPARATE DEFENSES

Without admitting any of the facts alleged in the Complaint, Defendant hereby asserts and alleges the following separate and additional defenses:

1. Plaintiff cannot recover on its Complaint as it has failed to state facts upon which relief can be granted.

2. This adversary proceeding was not commenced within the time permitted by federal and/or state statutes.

3. Plaintiff is estopped from proceeding with this adversary proceeding in light of positions it took and failed to take in connection with other proceedings, including the partition litigation.

Page 8 of 9    EAGLE HOLDINGS LLC'S ANSWER AND AFFIRMATIVE DEFENSES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03077-dwh    Doc 17    Filed 10/16/20

4. Plaintiff is precluded from proceeding with this adversary proceeding in light of the positions it has taken and admissions it has made in and during other proceedings, including the partition action.

5. Plaintiff failed to oppose Defendant 15005 NW Cornell LLC's efforts to obtain a partition of the Farm during the duration of partition litigation. Plaintiff may not now insist on a result inconsistent with partition.

6. Defendant 15005 NW Cornell LLC has filed an adversary proceeding, Adv. Pro. Case No. 20-03079-dwh, seeking to avoid any transfer made or alleged to be made to Plaintiff. The parties' claims and defenses asserted in the two cases overlap. Defendant incorporates the claims and defenses made in Adv. Pro. Case No. 20-03079-dwh herein.

## PRAYER

Defendant prays for a judgment dismissing Plaintiff's Complaint in its entirety, and that Plaintiff take nothing thereby. Defendant also prays for its costs and fees incurred herein, and for all other relief the Court deems just under the circumstances.

VANDEN BOS & CHAPMAN, LLP

By: /s/ Christopher N. Coyle
Christopher N. Coyle, OSB #073501
Of Attorneys for Defendant Eagle Holdings LLC

Page 9 of 9     EAGLE HOLDINGS LLC'S ANSWER AND AFFIRMATIVE DEFENSES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03077-dwh    Doc 17    Filed 10/16/20

Christopher N. Coyle, OSB #073501
Daniel C. Bonham, OSB #183104
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

    Of Attorneys for Defendant Eagle Holdings LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>15005 NW CORNELL LLC, and VAHAN M DINIHANIAN, JR.<br><br>                Debtors. | Case No. 19-31883-dwh11 (Lead Case)<br><br>Case No. 19-31886-dwh11<br><br>Jointly Administered under Case No. 19-31883-dwh11<br><br>Adv. Proc. No. 20-03077<br><br>CORPORATE DISCLOSURE STATEMENT |
| TASHA TEHERANI-AMI, IN HER CAPACITY AS THE TRUSTEE OF THE SONJA DINIHANIAN GST TRUST DTS 01/01/11,<br><br>                Plaintiff,<br><br>    v.<br><br>VAHAN M DINIHANIAN, JR., 15005 NW CORNELL LLC, and EAGLE HOLDINGS LLC,<br><br>                Defendants. | |

Page 1 of 2     CORPORATE DISCLOSURE STATEMENT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03077-dwh    Doc 17    Filed 10/16/20

Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned, counsel of record for Eagle Holdings LLC ("Defendant"), certifies that Defendant, as of this date, does not have a parent corporation and that no publicly held corporation holds 10% or more of its stock.

DATED this 14th day of October 2020.

VANDEN BOS & CHAPMAN, LLP


By:/s/ Christopher N. Coyle
   Christopher N. Coyle, OSB #073501
   Of Attorneys for Defendant Eagle Holdings LLC

Page 2 of 2    CORPORATE DISCLOSURE STATEMENT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03077-dwh    Doc 17    Filed 10/16/20

<u>In re 15005 NW Cornell LLC</u>;
Bankruptcy Case No. 19-31883-dwh11 (Lead Case)
<u>Teherani v. Dinihanian, et al.</u>
Adv Pro No. 20-03077-dwh

CERTIFICATE - TRUE COPY

DATE:        October 16, 2020

DOCUMENT:   EAGLE HOLDINGS LLC'S ANSWER AND AFFIRMATIVE
DEFENSES; and
CORPORATE DISCLOSURE STATEMENT

I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on:

Eagle Holdings LLC
Vahan M. Dinihanian, Jr.
237 NW Skyline Blvd
Portland, OR 97210

by mailing copies of the above-named document to each of the above in a sealed envelope addressed to the same at the last known address. Each envelope was deposited into the postal system at Portland, Oregon, on the below date, postage prepaid.

I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated: October 16, 2020        VANDEN BOS & CHAPMAN, LLP


By:<u>/s/Christopher N. Coyle    </u>
    Christopher N. Coyle, OSB #73501
    Of Attorneys for Defendant Eagle Holdings
    LLC

Page 1 – CERTIFICATE OF SERVICE